May it please the court, Cam Barker for the United States. The modified categorical approach is both available and applicable here to narrow the basis of the defendant's prior statutory rape conviction under the Idaho Code to elements within the generic definition of statutory rape, which is a Guidelines Enhancement Offense. Let's assume for a second that the modified categorical approach is applicable. Didn't Judge Windmill determine that you didn't meet your burden of proof under the modified categorical approach? Yes, that is his holding. And we submit that that rested on an erroneous view of the documents that are necessary. Well, what does Snellenberger do to change a district court's determination whether a burden of proof has been met? There isn't any indication that Judge Windmill didn't take into account that minute entry. He just found that it didn't meet the burden of proof, right? Judge Windmill's finding was that the generically limited charging document, which was a complaint, was not enough to show that the defendant admitted to the charged offense. Right. And under Shepard, he has to, you have to establish, the United States has to establish, that the defendant necessarily, this is language from Shepard, necessarily admitted the elements of the generic offense. So what about the charging document establishes that in pleading guilty to the charge, he necessarily admitted all the elements of the generic offense, even if they're set forth in the indictment, if they weren't necessary to the charge? That is the language of Shepard, and that was the basis of his ruling. Under Shepard, in Shepard, the Supreme Court also held that the details of a generically limited charging document would do in any sort of case, that's a quote, tried or pleaded, to satisfy that standard, which is to show that the plea necessarily rested on the generic elements. Here, the complaint charged the age of the victim was 14. That is a fact that... I understand all that. Let me read to you what Judge Windmill said. He's talking about when he takes pleas, and there's some arguments about facts that aren't necessary to the underlying charge. He said, upon further inquiry, what becomes important to me is to ensure that even though they disagree about some of the factual matters, the question is, do they agree to the elements of the crime? And so, without something to indicate that this defendant has affirmatively acknowledged not only that the elements of the crime under the state statute, but also affirmatively acknowledged the elements of the crime under the generic statute. I think you fall short under the modified categorical approach. Now, I understand that he might have determined that you did meet your burden of proof based on the minute entry, but what's to prevent... does Snellenberger, as a matter of law, require him to find that you've met your burden of proof? Shepard and Snellenberger both require that. As a matter of law? As a matter of law, that a generically limited charging document in which... Well, they require that it be considered, or they permit it to be considered, but they don't require that as a matter of law, a trial judge determine that that forms the basis for the government meeting its burden of proof that the defendant has, quote, necessarily admitted elements of the generic offense, does it? We would join issue with you there and argue that, yes, it does. And the language that we point to in Shepard is at page 21, it's also at page 20, and repeated at 25, where the court says that that's the determination. Did the prior conviction necessarily rest on facts within the generic definition of the enhancement offense? But then to determine whether that was true or not, the court sets forth ways the government may satisfy that burden. And again, on page 20, I've read you the quote. I don't question that the government may satisfy the burden in that way, but my question is more precisely this. Is Judge Windmill required to find as a matter of law that they do satisfy that burden? Yes. When we fall under the language of the Supreme Court in Shepard and also the materially identical documents that this court held in Snellenberger were sufficient, then the district court is required to find that we've met our burden. And I've already read you the language of Shepard. It doesn't just state that the government may rely on a generically limited charging document. It says the details of the generically limited charging document would do in any sort of case to try to plead to carry our burden of proof. Snellenberger says that the elements in the generically limited charge there, the facts in those generically limited charges, showed that the plea rested on those generic offense elements. Okay. What are the elements you were saying that were in the indictment, count one? The state court criminal complaint alleged that the statutory rape was of a specific female who was age 14. The enhancement offense of statutory rape under the guidelines requires that the victim be under the age of 16, and the Idaho criminal statute covers victims under the age of 18. So the Idaho statute is itself overbroad, and we're trying to establish whether this defendant's conviction rested on proof that the victim was under the age of 16. There's also an argument that this is not a divisible statute and that the modified categorical approach cannot apply. And we have an en banc case pending, as you probably know. Is there any way we can go ahead with this case at all, or do we have to wait for the en banc case? This court does not have to wait for the Aguila Montes de Oca en banc to resolve. The issue there is whether the missing element versus broadened element test of Navarro-Lopez should be retained. And the government in that case is arguing that it should not. We raised that argument in a footnote in our brief, but it's not necessary to resolve this case, because we satisfy the broader versus missing element test, and that both the Idaho statute and the Idaho crime and the generic offense have an age of consent element. The Idaho's crimes and offense element is broader, but it's not entirely missing the elements. And, indeed, I don't think the defendant here contested that we satisfy the missing element test, and that's it. We've gathered that from page 17 of the red brief. I think his argument is that this court's decision in Estrada-Espinosa imposed an even more restrictive test that looks to the text of the statute. And I think the court has her argument on why that's incorrect. The Estrada-Espinosa case just applied the rule of Navarro-Lopez, and this court, in a subsequent decision after Estrada-Espinosa, and I'm referring here to Aguilar-Turcios, equated the court's decision in Navarro-Lopez with Estrada-Espinosa. The same test was applied there, whether the statute's missing an element. And this court, in Estrada-Espinosa, and as well as Rodriguez-Guzman, looked at the charging document to see whether the charging documents in those cases contained or alleged facts that were within the generic definition of the offense. And the court in both of those cases, both Rodriguez-Guzman, which addressed a statutory rape statute just like this one, and Estrada-Espinosa said that the charging documents there were insufficient, but it looked at those documents to see what they contained. And so the modified categorical approach is both available here, and the court need not hold the case, for the in-bank decision in Aguilar-Montes de Oca. And it's also satisfied here, again, under the language of Shepard and Snellenberger. And that makes sense, because as the Supreme Court's recognized in the Brose decision cited in our brief, as this Court's recognized in the Velasco-Medina decision cited in our brief, whenever a charging document alleges a fact that satisfies an element of the crime, the government's required to prove that fact. And I know Judge Meek. Is there any case that says that if a charging document contains elements that aren't necessary to the underlying offense in pleading guilty to the charging document, the defendant is necessarily pleading guilty to every one of the unnecessary factual affirmants in the indictment? When the factual affirmants do not satisfy offense elements, I would agree with you that the defendant's not admitting those. Okay. And the only thing the defendant is pleading guilty to here is the state charge, right? Is the state charge, but the age 14 here, that does satisfy an element of the statute. I understand that it satisfies an element of the generic offense. But what I'm talking about is the burden of proof in terms of establishing that the defendant has, in the language of Shepard, necessarily admitted elements of the generic offense in pleading guilty to the state offense. And our submission is just that whenever a charging document alleges a fact that satisfies a statutory element, the government was required to prove that unless the document is amended. Is that literally true? I mean, in this instance, unless she was 14. Suppose it turned out she was 17. Did they have to prove she was 14, or did they have to prove that she was under 18? I'd like to reserve the remaining minute of my time. May I answer that question and still reserve my time? Our submission is that the charging document required her to prove that. And actually, we think that this Court's decision in Vidal confirms that, because there the Court attached significance to the fact that a special type of plea, that was a plea under the California case of People v. West, did not require the government to amend the charging document to find guilt on facts other than those alleged in the document. And the implication there, and this is consistent with what I've surveyed the U.S. Attorney's offices in Idaho and Washington, is that when it's not a special type of People v. West plea, but just a normal guilty or no-law plea, amendment or interlineation of the charging document is required when a defendant does not admit facts charged there that satisfy the offense elements. If there are extraneous facts that don't correspond to an offense element, there's no reason to amend the charging document. But that is what we assume that Vidal actually determined, and that's the basis of what we say is the binding language in Shepard and Snellberg. Okay, thank you. Counsel, go ahead. May it please the Court, Counsel, Your Honors, I'm Tom Monahan from the Federal Defender Services of Idaho, arguing on behalf of APA Lee, Mr. Diaz-Maldonado. I agree with opposing counsel that this Court does not need to wait for the decision in Aguila-Montes. This Court can affirm Judge Windmill's decision that the government's proof was insufficient under the modified categorical approach without reaching the other argument presented. Indeed, Judge Windmill, in the sentencing transcript, even acknowledged that he struggled with the Estrada-Espinoza issue and candidly said that he was sidestepping that to some extent. When it comes to application of the modified categorical approach, Judge Windmill dutifully adhered to this Court's precedence. The government would have this Court upset them. The big theme throughout Taylor and Shepard is the demand for certainty. They use words like unequivocal. In this case, Your Honor, and the reason for that, of course, in Shepard, is the concern that if we go anywhere outside the conviction record, we implicate the Sixth Amendment right to jury trial. The government contends that Shepard only requires the generically limited charging document and a bare plea to the offense. There's no support for that in any authority given by the government. First of all, I would ask this Court how — What does Snellenberger hold? Snellenberger holds that in the context of the modified categorical approach, under Shepard, the Court can consider minute orders. That's the extent of it. And the government sort of wants to argue that Snellenberger overrules Vidal. Well, Snellenberger hadn't been decided when Judge Winmill made his decision, right, or at least the latest version of Snellenberger? I'm not sure that's correct, Your Honor. I think, in fact — I may be wrong. Snellenberger came out in 2008. I believe Judge Winmill expressly discussed Snellenberger and said that it did not overrule Vidal in his opinion. But Vidal is certainly a strange opinion because, as it turns out in Vidal, it was a People v. West plea. And as they go on to explain under California law, that doesn't mean that you're pleading to what was in the information. So although there is some statement about the as-charged thing, it's really not pertinent to the case that was before the Court. Well, to the extent the government argues that, I would point out that I found eight post-Vidal cases that cite Vidal for the proposition that if you have just a charging document and a plea, the judgment has to say as-charged in the information to incorporate the generically limiting facts. One of those cases was Fragoso v. Holder, which said that Vidal actually had clarified that exact point. So if, in fact — and I would point out that under Vidal, the Court still listed that as one of the rules under which it was making its decision. But I would ask this Court this. How do we know, based on the judgment in this case or the plea agreement, that the defendant, Mr. Diaz, actually pled guilty to the charging document the government's offering? The judgment doesn't mention the identity of the victim, doesn't mention the age, doesn't even mention the information in any way, shape, or form. The information was filed September, I think, 29, 1996. The defendant — Well, that wasn't the basis on which Judge Windmill said that he was finding the government didn't meet their burden of proof, is it? I'm sorry? Is that the basis on which Judge Windmill said that he found the government didn't meet their burden of proof? I believe that is something that Judge Windmill said in his opinion, that because there was nothing — the generically limiting facts, we don't know what the defendant pled guilty to. As he pointed out, the defendant — Yeah, well, that doesn't mean that the government — that there wasn't anything that indicated that the defendant didn't plead guilty to the charge or even the charging document, does it? Well, I think we have to draw an inference. And Shepard, Justice Souter, said that the odds may be so strong in favor of the inference that that must be what the defendant pled guilty to, that it could be a turf accountant's dream. But that's still not good enough. And in this case, Judge Windmill said there's a high likelihood that he probably pled to that information. But there's not the certainty that we demand under not just Shepard and Taylor, but all of this Court's progeny. Okay, and then I'm asking you the further question.  Doesn't Judge Windmill say that even if he pled guilty to the information, that isn't enough to necessarily assume that he pled guilty to all the elements of the federal charge? That's correct. I think that's another layer of uncertainty, because he could plead guilty to that information. And as Judge Windmill said quibble during the plea colloquy, saying, you know, I thought she was 17. The judge says, look, we all agree she's under 18. And the defendant says yes, and we go forward with the conviction. Judge Windmill said that that occurs not all the time, but it's not uncommon in his experience. And I think that's probably true in all cases. So I think your Honor is right. Even if we had a judgment that said the information is what this gentleman pled to, that still wouldn't necessarily, without more, as charged in language of Vidal, that still would not necessarily be enough under the modified categorical approach. But I would just come back to we still don't know under this judgment that he even pled to that information. To go back to the Vidal question and what is the current state of the Ninth Circuit law, Anaya Ortiz, what published opinions are there that have relied on that one little part of the Dow before they go into the People v. West explanation? Fregoso v. Holder, 576 F. 3rd, 1030. And I believe Panuliar v. Mukasey, 528 F. 3rd, 603. And I would point out, Panuliar was not a West plea. Panuliar was a straight guilty plea. And in the other cases that I have discovered and cited, I also filed a Rule 28J. There are unpublished cases which this Court can take account of, and both no low pleas and straight guilty pleas. So I don't believe that the distinction that the government is trying to draw, that Vidal is limited to People v. West pleas, goes anywhere. Because you still, whether it's a no low plea where you don't admit anything, or a bare guilty plea where you say I'm guilty of committing a violation of 18-6101, you still don't know whether the defendant necessarily admitted the generic facts undergirding the generically defined crime. So I don't believe that there's any distinction of significance there. And I think this Court's decisions bear that out because, as I said, there are cases involving straight guilty pleas that cite Vidal for that proposition, as well as cases involving no low pleas or West pleas that cite Vidal for the same proposition. Vidal itself did not draw the distinction that the government wants to make. I'm sure it did. It went on some length about the fact that it was a People v. West plea, and therefore it was he wasn't necessarily pleading to what was in the information. Well, but I would respectfully point out, Your Honor, that the Court still issued the proposition that when you have an indictment or information and only a guilty plea, you need to have the language as charged in the information. That stands alone as a proposition of Vidal and, again, has been cited as a standalone proposition in both no low pleas and straight guilty pleas. I would like to say that I think the government reads too much into Snellenberger. In Snellenberger, Vidal was never mentioned. It wasn't even briefed. It was raised, the government points out, in a supplemental reply brief in a footnote where the government, I believe, basically tried to distinguish it. I listened to the full 58-minute and three-second oral argument of that decision, and I didn't hear the word Vidal mentioned once. The Court basically was taking it for granted, in my view, of listening to the judge's questions, and I think from the opinion itself that basically if the minute order could be considered, then the defendant was sunk. In other words, if Shepard allowed the Court to consider the minute order, that the Court found did reference count one of the information, which was the generically limited offense. I would wish to make one correction to my brief. I argued that if you look at the panel decision in Snellenberger in the government's brief, it did say, the government said that as long as we know that it was count one that the defendant pled to, it must be the generically defined offense. The government points out in its reply brief that that wasn't really correct, because Snellenberger basically the burglary statute, burglary in the first degree, still would have extended to things such as a vessel or an inhabited part of a tent or something to that effect. I would just simply point out again that Vidal was never mentioned, it wasn't at issue, and I simply don't think that it was being overruled as an en banc decision. My time is up, and I apologize for going over. That's all right. Thank you.  I'll try to get this done in a minute. In Fergozzo v. Holder, the issue was not presented about Vidal. There was no briefing there. I'm not aware of the last case the defendant cited. Within a brief, I'd like a chance to respond to that if it's a published, any published case that he's raised. You mean it was not presented but it was discussed? Fergozzo remanded to the BIA and then quoted the language in Vidal as some of the other decisions the defendant has discussed, have done. But in none of those cases was the court presented with any argument about the scope of Vidal or its holding, and that language was not necessary or sufficient. Well, that doesn't really matter in terms of our precedence. I think it makes it dicta in the sense that it doesn't bind this court. The government is just asking for one chance for the court to consider its argument that Vidal's holding is either limited to the scope of people of U.S. pleas or in any event dicta or in any event overruled by Snellenburg. None of those arguments have been made in any of the cases that the defendant cited in his briefs in which we've seen so far. And Snellenburg proceeds exactly to the contrary. And in the government's reply brief in Snellenburg, the government noted Vidal for the court and explained that it didn't think Vidal applied in this context because it was clear here what the defendant was pleading to. And it may not have been discussed at oral argument, but I don't think that's relevant. Do you see this three-judge panel? Could you, to Vidal, what you're asking us to do to Vidal, in light of the later cases in which Vidal has been relied upon, whether argued or not? Yes. I think that all three of the options that we've presented are available. The first one is to say that Vidal was limited to people of U.S. pleas. There's been no holding of this court that we've been cited saying otherwise. Has it been applied to non-people versus U.S. pleas? We've not seen that. What about Fregosa? In Fregosa, the court did not apply Vidal holding. It just simply flagged it for the BIA on remand. That was dictated at the end of the court's opinion, and it wasn't an argued point. Our second distinction – I'm sorry, Your Honor, I may have gone over. May I finish the answer? Finish the answer. Our second distinction of Vidal is that, in any event, it's inconsistent with what this court did in Snellenberger. Snellenberger was an in-bank opinion. This court can rely on Snellenberger as overruling any holding that it does find in Vidal to extend beyond the people of U.S. context. And then our third submission – I'm sorry, that was actually our third submission. Our second was that the language in Vidal was dicta because it wasn't reasoned there. Again, the court is perfectly free to distinguish holdings from dicta in prior panel decisions.  Thank you. Thank you. Thank you both. Thank you. All right, that case is – Diaz-Maldonado is submitted.
judges: Snow, Fisher, Berzon